MURDOCK, Judge,
concurring in the result.
As a threshold matter, I note that my decision to concur in the result reached in the main opinion (but not in the reasoning employed in that opinion), does not turn on *129 whether there were any blanks in the district court’s judgment as entered on the case action summary sheet, nor upon who may have filled in any such blanks or when they may have done so.
My reasons for concurring in the result reached in the main opinion, but not in the reasoning of that opinion, are as follows.
I am not persuaded that the circuit court had the authority under § 6-6-351, Ala.Code 1975 (particularly reading § 6-6-351(a) and (b) in pari materia), to issue a writ of restitution. Nor is it clear that it could issue such a writ consistent with the strictures of due process without first conducting its own hearing or otherwise properly receiving evidence relating to the issuance of the writ. Moreover, I see no need to address this question in the present case, because the circuit court did not issue a writ of restitution in this case.
What the circuit court did do was set an appeal bond. The main opinion states that the circuit court’s order setting this appeal bond was “consistent with the intent of § 6-6-351.” That may be true, but that does not mean that the Legislature authorized such action in § 6-6-351. This court has been pointed to no such authority in § 6-6-351 or in any other statute.
Notwithstanding the foregoing, the tenant did not seek relief by way of a petition for a writ of mandamus or otherwise from the appeal bond imposed by the circuit court. Instead, the tenant complied with the requirements of the court order setting that bond and, without objection, paid to the circuit clerk the amount of $71 per month for the- better part of two years. I therefore must conclude that the tenant failed to preserve any objection to the appeal bond or that she waived any such objection. It is for this reason that I find it appropriate to concur in the result reached by the main opinion.